

**ORDERED in the Southern District of Florida on September 30, 2021.**

A. Jay Cristol, Judge
United States Bankruptcy Court

_____

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA

In re                                                                          CASE NO. 19-26046-BKC-AJC
                                                                                     CHAPTER 13
GERARDO ARIAS,

    Debtor.
_____/

**ORDER DENYING MOTION FOR RELIEF FROM STAY**

THIS CAUSE came before the Court for hearing upon the Motion for Relief from Stay filed by Creditor Townhouses at Jacaranda Condominium Association, Inc. [ECF 177]. The Court heard argument of counsel for the Creditor and the Debtor and considered the Chapter 13 Trustee's statements regarding the status of the case, and the subject real property, in particular. Both the Debtor and Creditor have also filed post-hearing memoranda [ECFs 186 and 187]. Based upon the record before the Court, stay relief is denied.

The Creditor seeks stay relief to "pursue its in rem rights" to foreclose on Debtor's property located at 8233 NW 8th St, Unit 6, Plantation, FL. Prepetition, Creditor obtained a final judgment of foreclosure against the Debtor for all outstanding prepetition fees for condominium association

maintenance and special assessments. Creditor contends that because there admittedly is no equity in this non-homestead property, and because the property is not income producing (but rather occupied by Debtor's ex-spouse, at no cost to the ex-spouse pursuant to an agreement the two have), the property is a burden to the estate and not necessary for an effective reorganization. Creditor asserts the Debtor has failed to satisfy its burden under 11 U.S.C. §362(d)(2) and (g), entitling it to relief from the stay.

However, the Court does not believe the foregoing arguments justify relief from stay. In a Chapter 13 case, the lien(s) Creditor seeks to foreclose may be stripped off the property upon completion of a Chapter 13 plan and issuance of a discharge. In fact, the record reflects that Debtor filed a Motion to Value Collateral and Determine Secured Status of Lien on Real Property held by Townhouses at Jacaranda Condominium Association Inc. [ECF 48] in December 2019. On January 2, 2020, the Creditor filed a secured proof of claim, Claim No. 7, in the amount of $59,640.57 for Condominium Association Maintenance/Assessments. On January 29, 2020, without objection, the Court entered an Order Granting Debtor's Motion to Value Collateral and Determine Secured Status of Lien on Real Property held by Townhouses at Jacaranda Condominium Association Inc. [ECF 48]. That Order strips off the two liens of Creditor, one recorded on June 17, 2010 at OR Book 47153 at Page 600 and the second lien recorded on October 25, 2018 at instrument number 115407654, of the Official Records of Broward County Florida – upon completion of a confirmed plan and the issuance of a discharge. The Order further reclassifies Claim No. 7 as an unsecured claim.[1]

Based upon the record, the value of the Debtor's property at the time of filing was determined to be less than the senior mortgage debt, allowing Debtor to strip-off Creditor's liens

---

[1] Although the Creditor filed an amended secured proof of claim on February 19, 2020, the Court deems that amendment insufficient to overcome the Court's Order finding Claim No. 7 to be wholly unsecured.

in a Chapter 13 plan. If the Debtor fails to confirm a plan, the case will be dismissed and, at that time, the Creditor may then pursue its in rem remedies as the strip-off would not have been completed.

In the meantime, Debtor claims to be paying his ongoing monthly assessment through the plan. Notwithstanding, Creditor has filed a notice of payment change, and claims Debtor is not current as a result of the changes and his subsequent non-payment. The Debtor objected. At a hearing on the Debtor's objection, the parties agreed to discuss the amount of the current post-petition monthly fees due from the Debtor to the Creditor. If the Creditor and Debtor cannot agree on the correct amount due, then the Court will determine same at a further hearing on the Debtor's objection to Creditor's notice of payment change.

If Debtor is not current and cannot remain current in the payment of the ongoing post-petition maintenance fees and assessments, that may be a basis for stay relief. However, that was not the basis for the stay relief motion currently before the Court. The basis of the stay relief motion before the Court is the pursuit of the foreclosure of liens against Debtor's property, which liens may be stripped off in this bankruptcy case in accordance with the prior Order Granting Debtor's Motion to Value Collateral and Determine Secured Status of Lien on Real Property. It is therefor

ORDERED AND ADJUDGED that the Motion for Relief from Stay filed by Creditor Townhouses at Jacaranda Condominium Association, Inc. [ECF 177] is DENIED.

###

Copies to:

Michael Frank, Esq.
Kevin Peters, Esq.