UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA

RE:   GERARDO ARIAS                                                                                          CASE NUMBER:  19-26046-AJC

**TRUSTEE'S NOTICE OF DEFICIENCY FOR CONFIRMATION AND RECOMMENDATION**
**(If this case is dismissed, this deficiency is an objection to reinstate)**

The Trustee reviewed this case and found the following deficiencies remain unresolved from the Trustee's letter requesting documents and prior deficiencies and thus objects as follows.  **The debtor may be dismissed for failure to fund the plan if they are delinquent in payments.  The Court may dismiss this case if no one appears at the confirmation hearing to represent the debtor.** *The Trustee reserves the right to raise additional objections UNTIL all documents are timely provided to the Trustee and reviewed for issues raised and additional documents needed.*

Debtor's attorney must provide all written responses or documents through BKDOCS.COM by 5pm at least 15 days prior to the confirmation hearing.  Pro Se debtors may fax to 954-443-4452.  Late documents may not be reviewed or considered, and this case may be at risk of dismissal.

**ATTORNEYS MUST SEEK A RESOLUTION PRIOR TO THE CONFIRMATION HEARING OF ALL OUTSTANDING ISSUES.** The Trustee's Office has a "Precall" date.  During this period, the Debtor's or Creditor's attorney must call **THE THURSDAY PRIOR TO THE HEARING** and speak to the Trustee's staff attorney unless they agree to the Trustee's recommendation.  A final calendar will be published with any changes of this recommendation the day before the hearing.

================================================================================

CONFIRMATION RECOMMENDATION:                                               **LAST REVIEWED:  May 11, 2022**

**12AP served 2/28**             Case Pending over 30 months

**If Counsel for the Debtor(s) appears at confirmation, confirms service, and agrees on the record: JUDGE unless Debtor amends plan to pay at least $19,776.00 to unsecured claims on or before May 27**
Trustee's review reflects pursuant to the MSA, debtor has no obligation to pay any amounts to ex-spouse and children are not minors and debtor is reducing his disposable income on the CMI by $897.00 per month to gift mortgage to ex-wife and $454.00 for non-homestead property (net income of $650 on CMI 122-1 and $1096.00 mortgage on CMI 122-Additionally property was purchased post divorce  Trustee's calculations reflect 122C-2 ECF #13 has negative $1021.40 disposable income and including the additional $1,104.00 resulting in disposable income of $329.60 per month.

*\*Trustee has additional concerns brought to the light in Creditor's Objection to Confirmation [ECF No. 215] as the non-homestead property was purchased two years after the Debtor divorced and debtor provides that his contribution toward the maintenance of the non-homestead property is in the nature of support as a result of the divorce\**
*\*\*Trustee objects to retaining non-homestead property (8233) without sufficient rental income to maintain the non-homestead property, pursuant to trustee's review the Debtor receives income of $900.00 and mortgage expense is approximately $851.09 pursuant to POC No. 26 not including homeowners association payment in plan\*\**

I hereby certify that a true and correct copy of the foregoing was served through ECF on the debtor's attorney or by U.S. First Class pre-paid Mail on the pro se debtor on the same day filed with the Court.

*Submitted by:*
NANCY K. NEIDICH, ESQ, STANDING CHAPTER 13 TRUSTEE
P.O. BOX 279806, MIRAMAR, FL 33027, (954) 443-4402